{¶ 53} Because I would find that there is some competent, credible evidence to support the trial court's conclusion that Garrie is likely to engage in future sexually oriented offenses, I respectfully dissent.
 {¶ 54} Garrie was only nineteen when he raped the victim. Because "the principal years for criminal behavior are between fifteen and thirty, especially those years under twenty-four," Griffin Katz, Ohio Felony Sentencing Law (2001) 522-523, Section 4.43, his youth indicates a likelihood of recidivism. Garrie's prior criminal and juvenile record also indicates a likelihood of recidivism. Garrie's explanation that the alcohol took over when he saw the victim dressed only in a bed sheet indicates a likelihood of recidivism because it indicates that Garrie has placed the blame for his crimes on alcohol, rather than accepting responsibility.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED IN PART AND AFFIRMED IN PART AND REMANDED, and Appellant and Appellee to split costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Court of Common Pleas to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. The stay as herein continued will terminate in any event at the expiration of the sixty day period.
The stay shall terminate earlier if the appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. and Evans, J.: Concur in Judgment and Opinion.
Kline, J.: Dissents in part as to Assignment of Error II with Dissenting Opinion.